FILED
2004 JUL -8 AM 9:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **WILLIE LEE BISHOP; et al.,** | } |
| **Plaintiffs,** | } |
| v. | } Case No.: CV 03-P-3244-M |
| **TOMMY WIGGONTON; et al.,** | } |
| **Defendants.** | } |

ENTERED
JUL - 8 2004

## MEMORANDUM OPINION

The court has before it Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 13) filed March 23, 2004. The motion has been fully briefed by the parties and oral argument was heard by the court on June 29, 2004.

This case was originally filed in the Circuit Court of Etowah County, Alabama and was removed by the Defendants to this court. Plaintiffs Willie Lee Bishop, Margaret Bishop, and Gary Lee Bishop have brought claims arising from an alleged search of the Bishop's home and seizure of certain items against Sheriff James Hayes, individually and in his official capacity, and six (6) Deputy Sheriffs in both their individual and official capacities. (Doc. # 12, Amended Complaint).[1] Plaintiffs' amended complaint asserts various state law claims in addition to 42 U.S.C. § 1983 claims for violations of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. (Doc. # 12).

---

[1] Although Defendants' March 23, 2004 motion to dismiss appears to be brought on behalf of the Etowah County Sheriff's Department (in addition to the other individual Defendants), the court's January 27, 2004, order dismissed all claims against the Etowah County Sheriff's Department because no such legal entity exists. (Doc. # 5).



## I. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).

## II. Relevant Facts

The facts as alleged in the Plaintiffs' amended complaint and the attached order suppressing seized evidence[2] are as follows. At approximately 8:00 a.m. on November 6, 2001, Gary Bishop was

---

[2] On April 11, 2003, Etowah County Circuit Judge Donald W. Stewart issued an order suppressing all evidence seized from the search of 16 Pleasant Hill Cut-off Road in Boaz, Alabama. Judge Stewart's order was attached to the amended complaint as "Attachment A." (Doc. # 12, at Ex.

2

arrested, handcuffed, and detained while driving his automobile "under the pretext of a traffic stop." (Doc. # 12, at 2). Bishop cooperated with the police at all times and, although the officers searched Bishop and his automobile, they discovered nothing. (Doc. # 12, at 2). The State Court Suppression Order states that it is an "undisputed fact that there was in fact a stop which was never explained." (Doc. # 12, Ex. A, at 2).

After the search, Bishop was told that the officers had a search warrant for "stolen guns." (Doc. # 12, at 2). Thereafter, the officers took Bishop to his residence, which they searched while Bishop was handcuffed. (Doc. # 12, at 2). Although Bishop demanded to see the search warrant, the officers were unable to or refused to produce the warrant. (Doc. # 12, at 2). After a search of Gary Bishop's residence revealed no firearms, the officers interrogated Bishop about whether he kept firearms at any other location. (Doc. # 12, at 3). Bishop cooperated with the officers and admitted that he kept firearms at the home of his parents, Willie Lee and Margaret Bishop. (Doc. # 12, at 3). The officers then proceeded, with Bishop in handcuffs, to the home of Willie Lee and Margaret Bishop ("the Bishops' residence"). (Doc. # 12, at 3). Although the record is unclear, it appears that the Bishops reside at 16 Pleasant Hill Cut-off Road in Boaz, Alabama. (Doc. # 12, Ex. A).

When the officers and Gary Bishop arrived at the Bishops' residence at approximately 10:00 a.m., no one was home. (Doc. # 12, at 3). Willie Lee Bishop returned home shortly after the officers arrived and was told the officers had a search warrant for "guns," although the officers were unable to or refused to produce the warrant. (Doc. # 12, at 3). Willie Lee Bishop told the officers they had no right to enter, demanded to see the search warrant, and then told the officers to leave when no

---

A (*State of Alabama v. Gary Lee Bishop*, Case Nos. CC-02-367.01/.02-DWS, April 11, 2003 Order) (hereinafter "State Court Suppression Order").

3

warrant was produced. (Doc. # 12, at 3). The officers, who were not wearing gloves at the time, proceeded to search the Bishops' residence, including Mrs. Bishop's private effects, and they seized numerous personal items (including guns, pocket knives, power tools, and other items) many of which have not been returned. (Doc. # 12, at 3). After the search of the Bishops' residence, the officers accused Gary Bishop of "cooking drugs." (Doc. # 12, at 3).

A search warrant was issued for "controlled substances or related controlled substance items such as money, records, and paraphernalia" at 16 Pleasant Hill Cut-off Road in Boaz, Alabama, although the warrant was issued at approximately 10:20 a.m. – after the search of the Bishops' residence was already in progress according to the assertions of Willie Lee Bishop. (Doc. # 12, Ex. A, at 2). None of the items described in the search warrant were found, although 11 firearms – some of which were determined to be stolen – were seized. (Doc. # 12, Ex. A, at 1). The State Court Suppression Order outlines the testimony of the witnesses at the suppression hearing and states that "[t]he circumstances of the search itself were placed in serious dispute by the witnesses." (Doc. # 12, Ex. A, at 2).

After hearing testimony from all parties, Judge Stewart ordered that all evidence seized from the Pleasant Hill Cut-off Road residence should be suppressed. (Doc. # 12, Ex. A). In reaching that conclusion, Judge Stewart noted "substantial inconsistencies" in the testimony of prosecution witnesses. (Doc. # 12, Ex. A, at 2-3). Specifically, officers at the suppression hearing testified that the search and seizure "was pursuant to a valid search warrant which was executed properly," directly contradicting the testimony three months before at the preliminary hearing that the search was conducted pursuant to consent given by Willie Lee Bishop. (Doc. # 12, Ex. A, at 3).

4

**III.   Discussion**

As a threshold matter, by agreement of the parties, all 42 U.S.C. § 1983 claims against Defendants in their official capacities and all 42 U.S.C. § 1983 claims against all Defendants alleging a violation of the Fifth Amendment to the United States Constitution are due to be dismissed.

Additionally, although Plaintiffs did not explicitly agree that the § 1983 claims against Sheriff Hayes are due to be dismissed from this case, dismissal is appropriate in light of Plaintiff's candid concession at oral argument that Plaintiffs cannot demonstrate that Sheriff Hayes was present for, personally involved in, nor caused one of his employees to perform the alleged search and/or seizure. (Doc. # 12).[3] Without facts to support the Sheriff's personal involvement in the alleged unconstitutional conduct, the Sheriff cannot be held personally liable under § 1983 on a *respondeat superior* theory and is therefore due to be dismissed. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978).

As to the remaining state law claims and § 1983 individual capacity claims against the Deputy Sheriffs alleging violations of the Fourth and Fourteenth Amendments, the court finds that the motion to dismiss is due to be granted, in part, and denied, in part, for the following reasons.

**A.   § 1983 Individual Capacity Claims - Fourth and Fourteenth Amendments**

The remaining Deputy Sheriffs in this case have raised the defense of qualified immunity to the § 1983 claims alleging violations of the Fourth and Fourteenth Amendments against them in their individual capacities. Qualified immunity utilizes an "objective reasonableness standard, giving

---

[3] The only "evidence" Plaintiffs offered at oral argument of the Sheriff's involvement is Judge Stewart's order (attached as "Attachment A" to the amended complaint) which, according to Plaintiffs, shows that the instructions to violate the Bishops' rights "must have come from above." The Plaintiffs' conjecture – supported by only vague and conclusory complaint allegations that have no basis in fact – is not enough to overcome the motion to dismiss.

a government agent the benefit of the doubt unless her actions were so obviously illegal in the light of then-existing law that only an official who was incompetent or who knowingly was violating the law would have committed them." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1366 (11th Cir. 1998). The Eleventh Circuit has cautioned that, "[b]ecause qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity." *Lassiter v. Alabama A & M University, Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir.1994). "We generally accord ... official conduct a presumption of legitimacy." *United States Department of State v. Ray,* 502 U.S. 164, 179 (1991).

Under the qualified immunity doctrine, government officials performing discretionary functions are immune from suit unless the alleged conduct violates "clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982).[4] "Qualified immunity operates to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Hope v. Pelzer*, 122 S. Ct. 2508, 2515 (2002) (internal quotations omitted). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Pelzer*, 122 S. Ct at 2515 (internal quotations omitted).

Accordingly, "the salient question is whether the state of the law [at the time of the incident gave the Defendants] fair warning that their alleged [conduct] was unconstitutional." *Pelzer*, 122

---

[4] "Clearly established" rights must be "developed [] in a concrete factual context so as to make it obvious to a reasonable government actor that his actions violate federal law." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Only Supreme Court, Eleventh Circuit, and Alabama Supreme Court cases can "clearly establish" the law in this Circuit. *Thomas v. Roberts*, 323 F.3d 950, 955 (11th Cir. 2003).

S. Ct at 2515. The court finds that it did. It is well-settled that an involuntary, warrantless search and seizure, without probable cause and exigent circumstances, violates the Fourth and Fourteenth Amendments. U.S. CONST. amend. IV; XIV; *see also U.S. v. Davis*, 313 F.3d 1300, 1301 (11th Cir. 2002)("The Fourth Amendment, which is applicable to the States via the Fourteenth Amendment, guarantees that individuals will be 'secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'"); *United States v. Purcell,* 236 F.3d 1274, 1281 (11th Cir.2001)("A consensual search is constitutional if it is voluntary; if it is the product of an 'essentially free and unconstrained choice.'"); *Payton v. New York,* 445 U.S. 573, 586 (1980) (finding that involuntary searches and seizures "inside a home without a warrant are presumptively unreasonable"); *United States v. Burgos,* 720 F.2d 1520, 1525 (11th Cir.1983) (holding that an involuntary, warrantless search or seizure of a home is only justified where both probable cause and exigent circumstances exist).

In this case, there are material issues of fact as to whether the search was executed prior to the issuance of a valid warrant and whether the officers involved even asked for, much less obtained, consent to enter the Bishops' residence without a warrant. (Doc. # 12, Ex. A). Additionally, there are no facts alleged in Plaintiff's complaint – nor has the government produced any evidence – to suggest that exigent circumstances and probable cause existed so that the search was justified without a warrant or consent. *See United States v. Holloway*, 290 F.3d 1331, 1337 (11th Cir. 2002) (holding that it is the government's burden to prove both exigent circumstances and probable cause).

Therefore, taking the facts as alleged in Plaintiff's amended complaint as true, a reasonable officer would have known that the search of the Bishops' residence and seizure of certain items contained therein, without consent or warrant, violated well-settled law. As illuminated by the State

Court Suppression Order, there are material issues of fact in this case that preclude the application of qualified immunity in this case and the court cannot afford Defendants' conduct a "presumption of legitimacy." *United States Department of State v. Ray,* 502 U.S. 164, 179 (1991); *see also Lassiter v. Alabama A & M University, Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir.1994). Accordingly the motion to dismiss is due to be denied as it relates to the § 1983 alleged violations of the Fourth and Fourteenth Amendments by the individual Deputy Sheriffs.

### B.  State Law Claims

Plaintiffs also allege state law claims for assault, invasion of privacy, abuse of process, false arrest, false imprisonment, malicious prosecution, conversion, and negligent, wanton and willful conduct. (Doc. # 12 at ¶¶ 37, 40, 43, 46, 49, 52, 59, 63). Plaintiffs' amended complaint does not specify whether these claims are brought against the Defendants in their individual or official capacities, but the court finds that under either circumstance the claims are due to be dismissed.

### 1.  Official Capacity

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Employees v. Missouri Public Health & Welfare Dep't*, 411 U.S. 279, 280 (1973). Thus, state law claims may not be brought against a state official in his official capacity in federal court unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida,* 517 U.S. 44, 47 (1996). Because the Sheriff and Deputy Sheriff Defendants in this case are state officials, *see Lancaster* v. Monroe County, Ala., 116 F.3d 1419, 1420 (11th Cir. 1997), and because neither waiver nor Congressional abrogation have occurred, *see Carr v. City of Florence,* 916 F.2d 1521,

1525 (11th Cir.1990), the Defendants in this case are immune from claims brought against them in their official capacities.

### 2. Individual Capacity

Plaintiffs' amended complaint in this case seeks both monetary damages and injunctive relief. The Sheriff and Deputy Sheriffs claim the protection of sovereign immunity from the Plaintiffs' claims for monetary damages. Under Alabama law, sheriffs and deputy sheriffs may be sued for money damages only in limited circumstances. *Ex parte Haralson*, 853 So. 2d 928 (Ala. 2003); *Parker v. Amerson*, 519 So. 2d 442 (Ala. 1987). The Alabama Supreme Court has held:

> A sheriff is an executive officer of the state of Alabama, who is immune from suit under Article I, § 14, Alabama Constitution of 1901, in the execution of the duties of his office, except for actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

*Parker*, 519 So. 2d at 442-43.[5]  Thus, as the Defendants pointed out at oral argument in this case, the only exception to a sheriff's sovereign immunity is a suit for injunctive relief. *See also Alexander v. Hatfield*, 652 So. 2d 1142, 1143 (Ala. 1994).

---

[5] *See also Hereford v. Jefferson County*, 586 So. 2d 209 (Ala. 1991); *Crocker v. Shelby County*, 604 So. 2d 350 (Ala. 1992); *Wright v. Bailey*, 611 So. 2d 300 (Ala. 1992); *King v. Colbert County*, 620 So. 2d 623, 626 (Ala. 1993); *Boshell v. Walker County Sheriff*, 598 So. 2d 843, 844 (Ala. 1992); *Drain v. Odom*, 631 So. 2d 971 (Ala. 1994); *Alexander v. Hatfield*, 652 So. 2d 1142 (Ala. 1994); *Karrick v. Johnson*, 659 So. 2d 77 (Ala. 1995); *Ex parte Purvis*, 689 So. 2d 794 (Ala. 1996); *Caldwell v. Brogden*, 678 So. 2d 1148 (Ala. Civ. App. 1996); *Whitten v. Lowe*, 677 So. 2d 778 (Ala. Civ. App. 1995); *Ex parte Haralson*, 2003 WL 21674801 (Ala. 2003); *Carr v. City of Florence, Ala.*, 960 F.2d 1521, 1525 (11th Cir. 1990); *Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996); *McMillian v. Johnson*, 88 F.3d 1573, 1578 (11th Cir. 1996); *Lancaster v. Monroe County, Alabama*, 116 F.3d 1419, 1429 (11th Cir. 1997).

There is no question that Plaintiffs' amended complaint seeks injunctive relief. (Doc. # 12, at "Prayer for Relief"). Accordingly, the court finds that the Defendants' motion to dismiss is due to be granted as it relates to Plaintiffs' state law claims for monetary damages and due to be denied as it relates to Plaintiffs' state law claims for injunctive relief.

## IV. Conclusion

For the reasons outlined above the court finds that the Defendants' motion to dismiss is due to be granted as it relates to the following claims: (1) all § 1983 claims against all Defendants in their official capacities; (2) all § 1983 claims against all Defendants alleging a violation of the Fifth Amendment to the United States Constitution; (3) all § 1983 claims against Sheriff Hayes; (4) all state law claims against all Defendants in their official capacities; and (5) all state law claims for monetary damages against all Defendants in their individual capacities. The court finds that the motion to dismiss is due to be denied as it relates to the following remaining claims: (1) all § 1983 claims against the Deputy Sheriffs in their individual capacities alleging violations of the Fourth and Fourteenth Amendments, and (2) all state law claims for injunctive relief against the Sheriff and Deputy Sheriffs. A separate order will be entered.

**DONE** and **ORDERED** this ___7th___ day of July, 2004.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE